IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFRED LEE STONE, TDCJ No. 599665, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:23-cv-2597-E-BN |
| THE DALLAS COUNTY CITY HALL OFFICIALS, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Alfred Lee Stone, a Texas prisoner, was convicted of burglary of a building and sentenced to 70 years of imprisonment. *See State v. Stone*, No. F91-42452-T (283d Jud. Dist. Ct., Dall. Cnty., Tex.), *aff'd*, No. 05-91-01392-CR, 1993 WL 147086 (Tex. App. – Dallas Apr. 26, 1993, pet. ref'd).

After his state conviction and sentence became final, Stone unsuccessfully sought habeas relief in the state and federal courts, and he has filed numerous frivolous civil cases since then, so much so that this lawsuit under 42 U.S.C. § 1983 was administratively closed based on Stone's failure to comply with the terms of prior sanctions orders entered by the United States Court of Appeals for the Fifth Circuit and district courts in this circuit, which include the requirements that Stone (1) obtain written permission from a United States judge (magistrate, district, or circuit) to file a lawsuit in federal court (civil or habeas) and (2) pay the prior monetary sanctions imposed against him. *See* Dkt. No. 5; *see also, e.g.*, *Stone v. Texas*, No. 3:10-

cv-1100-O, 2010 WL 3582606 (N.D. Tex. June 21, 2010) (recommending that the motion for relief of judgment, construed as a habeas corpus petition, be dismissed as barred by the sanctions order in *Stone v. Johnson*, No. 4:00-CV-1496 (S.D. Tex. June 14, 2000)), *rec. adopted*, 2010 WL 3583366 (N.D. Tex. Sept. 8, 2010); *Stone v. Jones*, No. 9:11cv123, 2011 WL 13192925 (E.D. Tex. July 29, 2011) (recommending dismissal based on prior sanctions and 28 U.S.C. § 1915(g)), *rec. adopted*, 2011 WL 13193242 (E.D. Tex. Aug. 25, 2011).

After the Court administratively closed this case, Stone objected and moved for permission to file it. *See* Dkt. Nos. 6 & 7.

This action was then reassigned to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

The docket further reflects that the filing fee associated with this case was paid. And Stone filed a notice stating that he has paid prior monetary sanctions imposed against him. *See* Dkt. No. 9.

First, Stone offers no proof that the prior monetary sanctions have been paid. And his notice may appear to confuse the filing fee required to bring this lawsuit with the separate prior monetary sanctions.

Regardless – and even if Stone has paid all monetary sanctions that other courts have imposed against him – the Court should not grant him leave to proceed with this lawsuit, through which Stone seeks billions of dollars in monetary damages based on claims that challenge his underlying state conviction.

But, first, the undersigned must address the presence of *pro se* plaintiffs in this lawsuit other than Stone, one of whom appears to be the party who paid the filing fee. *See* Dkt. No. 2 at 2.

From the allegations made, the claims in the complaint appear to be Stone's alone. So the other plaintiffs lack standing, and, to the extent that they are parties to this litigation, their claims should be dismissed for lack of subject matter jurisdiction. *See Johnson v. Lane*, No. 3:23-cv-1453-E-BN, 2024 WL 2335667, at *2 (N.D. Tex. Apr. 30, 2024) (The "requirement – that a non-lawyer may only bring a lawsuit that is the non-lawyer's 'own' – coincides with a core requirement for standing to sue: a personal injury. 'At the core of the standing doctrine is the requirement that a plaintiff "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."'" (citing *Raskin ex rel. J.D. v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023); then quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quoting, in turn, *Allen v. Wright*, 468 U.S. 737, 751 (1984)))), *rec. accepted*, 2024 WL 2331727 (N.D. Tex. May 22, 2024).

Moving on to Stone's claims, then, they implicate an underlying conviction that has not been successfully challenged, so Stone "demands relief [currently] barred by *Heck v. Humphrey*," 512 U.S. 477 (1994), and therefore "fails to state a claim." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

That is, a Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged,

invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

> As to whether a particular civil claim is subject to the rule in *Heck*,
>
> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

*Heck* generally applies to claims for damages, but it applies equally where a suit seeks injunctive relief. *See, e.g.*, *O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at *2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec. accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)).

Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

In sum, because Stone fails to show that the criminal conviction that underlies his civil claims has been reversed, invalidated, set aside, or otherwise resolved in his favor, the claims asserted here – calling that conviction into question – are currently subject to the rule in *Heck* and thus not cognizable. *Cf. Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (A *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc))).

## Recommendation

The Court should deny leave to proceed [Dkt. No. 7] and dismiss this lawsuit without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: June 12, 2024

                                                                              DAVID L. HORAN
                                                                              UNITED STATES MAGISTRATE JUDGE