IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFRED LEE STONE, TDCJ No. 599665, ET AL., | § | |
| Plaintiffs, | § | |
| V. | § | No. 3:23-cv-2597-E-BN |
| THE DALLAS COUNTY CITY HALL OFFICIALS, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alfred Lee Stone was convicted of burglary of a building and sentenced to 70 years of imprisonment. *See State v. Stone*, No. F91-42452-T (283d Jud. Dist. Ct., Dall. Cnty., Tex.), *aff'd*, No. 05-91-01392-CR, 1993 WL 147086 (Tex. App. – Dallas Apr. 26, 1993, pet. ref'd).

After his state conviction and sentence became final, Stone unsuccessfully sought habeas relief in the state and federal courts.

He has also filed numerous frivolous civil cases, so many that this lawsuit under 42 U.S.C. § 1983 was initially administratively closed based on Stone's failure to comply with the terms of prior sanctions orders entered by the United States Court of Appeals for the Fifth Circuit and district courts in this circuit, which include the requirements that Stone (1) obtain written permission from a United States judge (magistrate, district, or circuit) to file a lawsuit in federal court (civil or habeas) and (2) pay the prior monetary sanctions imposed against him. *See* Dkt. No. 5; *see also,*

*e.g.*, *Stone v. Texas*, No. 3:10-cv-1100-O, 2010 WL 3582606 (N.D. Tex. June 21, 2010) (recommending that the motion for relief of judgment, construed as a habeas corpus petition, be dismissed as barred by the sanctions order in *Stone v. Johnson*, No. 4:00-CV-1496 (S.D. Tex. June 14, 2000)), *rec. adopted*, 2010 WL 3583366 (N.D. Tex. Sept. 8, 2010); *Stone v. Jones*, No. 9:11cv123, 2011 WL 13192925 (E.D. Tex. July 29, 2011) (recommending dismissal based on prior sanctions and 28 U.S.C. § 1915(g)), *rec. adopted*, 2011 WL 13193242 (E.D. Tex. Aug. 25, 2011).

After the Court administratively closed this case, Stone objected and moved for permission to file it. *See* Dkt. Nos. 6 & 7.

The docket further reflects that the filing fee associated with this case was then paid, and Stone filed a notice stating that he has paid prior monetary sanctions imposed against him. *See* Dkt. No. 9.

Still, the Court denied Stone's motion, noting in part that he

> "demands relief [currently] barred by *Heck v. Humphrey*," 512 U.S. 477 (1994), and therefore "fails to state a claim." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

*Stone v. Dall. City Hall Officials*, No. 3:23-cv-2597-E-BN, 2024 WL 3402858, at *2 (N.D. Tex. June 12, 2024), *rec. accepted*, 2024 WL 3405344 (N.D. Tex. July 12, 2024), *appeal dismissed*, No. 24-10697 (5th Cir. Dec. 11, 2024).

Released from prison, Stone now moves to reopen his case [Dkt. No. 22] and for judgment on the pleadings [Dkt. No. 23]. But he has not shown that *Heck* does not still bar his civil claims by demonstrating that the criminal conviction that underlies those claims has been reversed, invalidated, set aside, or otherwise resolved in his

favor. And, so, the claims asserted here – calling that conviction into question – are still currently subject to the rule in *Heck* and thus not cognizable.

The Court should therefore deny Stone's latest motions.

**Recommendation**

The Court should deny Plaintiff Alfred Lee Stone's motions to reopen his case [Dkt. No. 22] and for judgment on the pleadings [Dkt. No. 23]

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE